# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SLEEPBIT, LLC f/k/a RPSGROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-0537-CVE-FHM |
| ) | |
| PUSH SOFTWARE INTERACTIONS, INC. ) | |
| and CHAD JONES, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Defendants Push Software Interactions, Inc.'s and Chad Jones's Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C.A. § 1292(b) and Stay of Proceedings and Brief in Support (Dkt. # 37). Defendants Push Software Interactions, Inc. (PSI) and Chad Jones ask the Court to certify for interlocutory appeal the prior ruling denying their motions to dismiss. Plaintiff Sleepbit, LLC (Sleepbit) responds that the Court's opinion and order (Dkt. # 32) does not involve a controlling question of law that is suitable for interlocutory appeal, and defendants have delayed in making their request for certification of an interlocutory appeal. Dkt. # 39.

On July 11, 2018, Sleepbit filed this case in Tulsa County District Court alleging claims of breach of contract, unjust enrichment, and fraud against PSI, Jones, and Andre Doucette. Sleepbit alleges that it entered a contractual relationship with PSI for the development of a mobile app that could collect data from Sleepbit's device that measured a person's airflow during sleep. Dkt. # 2-1, at 5-20. PSI is a Canadian corporation with its principal place of business in Saskatchewan, Canada. Dkt. # 2, at 2. Jones is the chief executive officer of PSI and Doucette was the product director for

PSI, and they are also citizens of Canada for the purpose of diversity jurisdiction. Id. at 2-3. Defendants filed a notice of removal (Dkt. # 2), and each defendant filed a motion to dismiss for lack of personal jurisdiction (Dkt. ## 12, 14, 16). The Court granted Doucette's motion to dismiss, because he was simply acting as an employee of PSI and he did not purposefully direct his activities to the forum state. Dkt. # 32, at 19-20. However, the Court found that PSI and Jones knowingly entered into a business relationship with an Oklahoma entity, and PSI and Jones could have reasonably foreseen being haled into Court in Oklahoma for claims arising out of the business relationship. Id. at 12-18.

PSI and Jones ask the Court to certify the Court's ruling on their motions to dismiss (Dkt. # 32) for interlocutory appeal under § 1292(b). Under § 1292(b), a district judge may certify an interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." If a district judge makes this certification, the moving party may seek leave from the court of appeals to pursue an interlocutory appeal. Homeland Stores, Inc. v. Resolution Trust Corp., 17 F.3d 1269, 1271 (10th Cir. 1994). Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare. Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). Interlocutory appeals may be permitted when an immediate appeal of a controlling issue of law will avoid protracted litigation. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996); State of Utah by and through Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994). However, "interlocutory appeals are 'limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions

encountered early in the action'." Chesapeake Land Development Co. LLC v. Chicago Title Insurance Company, 2018 WL 8287706, *1 (W.D. Okla. July 19, 2018) (quoting Utah State Dep't of Health, 14 F.3d at 1495).

The Court will initially consider whether PSI and Jones have identified a "controlling question of law" that is appropriate for an interlocutory appeal. The Court has reviewed defendants' motion and it appears that the "controlling question of law" raised by defendants is generally whether the Court can exercise personal jurisdiction over them. Dkt. # 37, at 2. This is a mixed question of law and fact, and it is not the type of pure or abstract legal issue that is suitable for interlocutory appeal. "A 'controlling question of law,' as used in § 1292(b), means a pure question of law requiring the resolution of 'abstract' legal issues; it is not the application of a legal question to the particular facts of the case." In re SemGroup Energy Partners, L.P., 729 F. Supp. 2d 1276, 1312 (N.D. Okla. 2010) (citing Ahrenholz v. Bd. of Trustees, 219 F.3d 674, 677 (7th Cir. 2000)). "The legal question must be stated at a high enough level of abstraction to lift the question out of details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Tarver v. Ford Motor Company, 2017 WL 9477739, *2 (W.D. Okla. Mar. 10, 2017) (quoting Ahrenholz, 219 F.3d at 1259). Defendants disagree with how the Court applied the facts to the applicable law, and they rely on the same and well-settled law stated in the Court's opinion and order. Defendant's motion would be better characterized as a motion to reconsider than a motion than a motion to certify a ruling for interlocutory appeal.[1] The Court does not find that there

---

[1] To the extent that defendants could be seeking reconsideration, they repeat the same arguments that have already been considered and rejected by the Court, and the Court would find no basis to reconsider its ruling on defendants' motion to dismiss.

3

is a controlling question of law that is subject to dispute and the Court declines to certify its opinion and order (Dkt. # 32) for interlocutory appeal.

**IT IS THEREFORE ORDERED** that Defendants Push Software Interactions, Inc.'s and Chad Jones's Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C.A. § 1292(b) and Stay of Proceedings and Brief in Support (Dkt. # 37) is **denied**.

**DATED** this 25th day of October, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE